389 A.2d 117

**COMMONWEALTH of Pennsylvania**

v.

**Joseph RIOS, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided July 12, 1978.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Eric B. Henson and Michael R. Stiles, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

This appeal follows the revocation of appellant's early parole on a burglary sentence after a guilty plea to charges of a later burglary. Appellant contends that the four-month delay between entry of his guilty plea and revocation of parole violated Pa.R.Crim.P. 1409, which requires that the revocation hearing be held "as speedily as possible." For the reasons that follow, we find no violation of the rule, and therefore affirm the order entered below.

On September 11, 1974, appellant appeared before Judge William A. PORTER for a probation violation hearing on charges of burglary. At that time, probation was revoked and appellant was sentenced to eleven and one-half to twenty-three months imprisonment, to be followed by three years drug probation. After serving nine months imprisonment, appellant requested early parole so he could begin to serve a six to twenty-three month sentence on another burglary conviction. The petition for early parole was granted June 24, 1975.

Then on May 11, 1976, appellant was arrested and charged with ten more counts of burglary and related offenses. As part of a bargain, a plea of guilty was entered September 6, 1976 to three counts of burglary, and Judge Lisa A. RICHETTE sentenced appellant to concurrent terms of two to ten years on two counts and ten years probation on the third.

A parole violation hearing was subsequently held before Judge PORTER on January 5, 1977, and continued to January 7, 1977. At that time, appellant's early parole was revoked, and he was sentenced to serve the remaining time on the original sentence. This appeal followed.

We have determined that the time period referred to in Rule 1409 is a reasonable time. *Commonwealth v. Lipton*, 238 Pa.Super. 124, 352 A.2d 521 (1975). In evaluating reasonableness, we must consider the length of the delay, reasons for the delay, and any prejudice to the appellant resulting from the delay. *Commonwealth v. Jones*, 250 Pa.Super. 116, 120, 378 A.2d 481, 482–83 (1977).

■ In the case at bar, appellant's parole was revoked four months after pleading guilty to new burglary charges. In *Commonwealth v. Parker,* 244 Pa.Super. 113, 366 A.2d 941 (1976), we recently held that a four-month delay between entry of a guilty plea and parole revocation was not unreasonable, in light of scheduling difficulties arising from the court's summer vacation, and the absence of prejudice to the defendant. We cannot therefore find the four-month period here unreasonable per se.

Turning now to reasons for the delay, the Commonwealth candidly admits in its brief that it never produced evidence bearing upon the reason for the delay. The Commonwealth attempts to explain this failure by asserting that appellant never alleged prejudice, and asks that we remand for a hearing to determine the justifiability of the delay in the event we find prejudice. Although for the reasons set forth in detail below we find no prejudice, we caution the Commonwealth that if justification exists for the delay, those facts should be set forth on the record, regardless of appellant's assertion of prejudice or absence thereof. Consequently, we will not consider the Commonwealth's assertions in its brief that parole should not be revoked until sentencing on the new charges. We do note, however, that no indication exists that the delay was "harassing tactic" or a "malicious attempt to hamper the defense." *See Commonwealth v. Jones,* 250 Pa.Super. 116, 120, 121, 378 A.2d 481, 483 (1977). Nevertheless, we must weigh the absence of any explanation on the record for the delay in appellant's favor.

Finally, we must examine the record to determine if any prejudice resulted from the delay. Appellant has made no such assertion, and, indeed, we fail to see how one could be made. He was not prejudiced in defending against the charges, because he pleaded guilty to the charges upon which the parole revocation was based. *See Commonwealth v. Parker,* 244 Pa.Super. 113, 117, 366 A.2d 941 (1976). Being incarcerated on other unrelated burglary charges, there was no unnecessary deprivation of liberty as a result of the delay. And finally, as was the case in *Parker,* it was

evident from the record of the hearing that parole was not an effective vehicle to serve the interests of appellant or the community.

On balance, therefore, we find that although the Commonwealth set forth no explanation for the delay, the four-month period was not inherently unfair to appellant, and he suffered no demonstrable prejudice whatsoever. Consequently, we find no violation of Rule 1409.

Order affirmed.

PRICE and SPAETH, JJ., concur in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.