392 A.2d 827

**COMMONWEALTH of Pennsylvania**

v.

**Louis DIAZ, a/k/a Antonio Pabon, Appellant.**

Superior Court of Pennsylvania.

Submitted March 30, 1977.

Decided Oct. 20, 1978.

Lynne D. Miller, Assistant Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Deborah E. Glass, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

After entering a guilty plea to burglary in 1973,[1] appellant was sentenced to three years probation. During the probationary period, appellant was arrested on charges of robbery.[2] Once again, after entering a guilty plea, he was sentenced to three years probation. Based on this conviction, a probation revocation hearing was scheduled for May 13, 1975. At the hearing, Judge Ribner found that appellant's attorney from the public defender's office was unprepared and continued the case. At the rescheduled hearing on September 25, 1975, appellant was represented by newly appointed private counsel. Appellant's probationary status was revoked after the hearing, and he was sentenced to one to three years imprisonment.

On this appeal, appellant, represented again by the public defender's office, contends that counsel at the September, 1975, hearing was ineffective for failing to assert that appellant was deprived of his right to a speedy hearing and for failing to investigate any mitigating facts underlying appellant's conviction for robbery, which constituted the sole

1. 18 Pa.C.S. § 3502.

2. 18 Pa.C.S. § 3701.

alleged violation of probation. For the reasons set forth herein, we remand the case to the lower court for resentencing.

Appellant first argues counsel's ineffectiveness for failing to assert appellant's deprivation of a speedy revocation hearing. The date of appellant's plea on the burglary charge was December 20, 1974, and the date of the originally scheduled revocation hearing was May 13, 1975.

To determine whether counsel was ineffective, we must first ascertain whether there were reasonable grounds on which to pursue the omitted claims. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). It is well established that counsel cannot be held to be ineffective for failing to perform a futile act. *Commonwealth v. Hubbard, supra; Commonwealth v. Hill,* 450 Pa. 477, 301 A.2d 587 (1973). We find appellant's claim to be without "arguable merit."

Pa.R.Crim.P. 1409, as interpreted by our case law, requires the holding of a revocation hearing with "reasonable promptness" after probation officials know or reasonably should have known of the violation. *Commonwealth v. Williams,* 254 Pa.Super. 202, 385 A.2d 979 (1978); *Commonwealth v. Holmes,* 248 Pa.Super. 552, 375 A.2d 379 (1977); *Commonwealth v. Lipton,* 238 Pa.Super. 124, 352 A.2d 521 (1975) (dissenting opinion by Hoffman, J.). Where the violation consists of a crime for which the probationer is prosecuted, the revocation hearing must be held within a reasonable time after the conviction. *E. g., Commonwealth v. Williams, supra.* To determine whether an individual's rights under Pa.R.Crim.P. 1409 have been violated, we have repeatedly held that we must consider the length of and reasons for the delay as well as any prejudice inuring to the probationer. *Commonwealth v. Holmes, supra.*

The delay in the instant case involved four months and three weeks. The Commonwealth has not explained the reasons for the delay because the issue was not raised in the court below. The case need not be remanded for the presentation of an explanation for the delay.

In *Commonwealth v. Waters,* 252 Pa.Super. 357, 381 A.2d 957 (1977), *allocatur granted* May 19, 1978, a majority of this court held that a delay of four months and twenty-six days was not unreasonable even though the Commonwealth had not explained the reason for the delay. Here, as in *Waters,* appellant has not alleged either that the Commonwealth intentionally delayed the hearing as a harassing tactic or that he was prejudiced by the delay. Our opinion in *Waters* controls.

On the issue of prejudice we note that a probationer awaiting his probation violation hearing while being imprisoned for another offense does not suffer much if there is a delay in holding the revocation hearing, for he is already imprisoned. Certainly, there is no legal precedent for holding that a probation violator who is not incarcerated is more likely to be prejudiced by the delay.[3]

In *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court discussed the concept of prejudice as it relates to the right to a speedy trial.

> "Prejudice . . . should be assessed in the light of the interests of defendants which the speedy trial was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." 407 U.S. at 532, 92 S.Ct. at 2193 (footnote omitted).

Appellant was not incarcerated and he does not contend that his defense was impaired. We fail to see how appellant could feel more anxiety about his future when he was free on the street than if he was in jail on the underlying violation. Moreover, as to the interest in preventing anxiety

---

**3.** Our cases have held that something less than actual prejudice may tip the balance in an appellant's favor. Thus in *Commonwealth v. White,* 218 Pa.Super. 188, 279 A.2d 768 (1971), a delay of five and one-half months was held unreasonable where the original period of probation had expired five weeks prior to the revocation. We do not find that the appellant in the instant case was even technically prejudiced as was the defendant in *White.*

and concern, the Supreme Court noted that: "[A] defendant awaiting trial on bond might be subjected to public scorn, deprived of employment, and chilled in the exercise of his right to speak for, associate with, and participate in unpopular political causes." 407 U.S. at 532 n. 33, 92 S.Ct. at 2193. While these factors are relevant to the speedy *trial* issue, and perhaps technical violations, we fail to discern how appellant could be so prejudiced when he entered a guilty plea to the offense and therefore conclusively established the violation.

■ Based on the foregoing, we conclude that under all the circumstances of this case, where appellant does not contend that the Commonwealth intentionally delayed the case or that he was in any way prejudiced by the delay, a delay of four months and three weeks is not unreasonable irrespective of whether the Commonwealth innocently or negligently delayed the case.

■ Appellant's second assertion is that counsel was ineffective for failing to investigate facts surrounding the robbery sentence and failing to present them to the lower court at the revocation hearing. Specifically, counsel did not know what, if any, mitigating circumstances led to the imposition of a term of probation on the robbery charge. We find ineffectiveness on the face of the record alone, and therefore grant relief.

A review of the record makes clear that counsel's failure to inform the probation hearing judge of the facts about the robbery stemmed from complete failure to investigate the facts, rather than from a decision to keep the facts off of the record. This was clearly prejudicial to appellant. Counsel was before the lower court to address the issue of whether it would be useful and provident to continue appellant's probation. *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973). Facts surrounding the robbery, which was committed during appellant's probation, were certainly vital to that issue. As Judge Ribner observed at the initial revocation hearing, counsel's failure to know about the robbery rendered his representation of appellant "totally inadequate."

It is understandable that Judge Ribner, having continued the first hearing for the purpose of procuring information about the robbery, became impatient when it was not available from newly appointed counsel at the second hearing. Still lacking such crucial information, however, he should not have proceeded to decide the case. The court might have procured the information from appellant himself, or from the record of the guilty plea and sentencing conducted by Judge Marshall.

We, therefore, remand the case to the lower court to resentence appellant, taking into account evidence of the facts regarding the robbery.

SPAETH, J., files a Concurring and Dissenting Opinion, in which CERCONE, J., joins.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring and dissenting:

I agree with the majority that appellant should be resentenced. However, I should also remand for a hearing in accordance with *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975) on the question whether appellant's counsel at the revocation hearing was ineffective for failing to argue to the lower court that the delay between the sentence for robbery and the revocation hearing violated Pa.R. Crim.P. 1409, which requires that a revocation hearing be held "as speedily as possible."

In deciding whether counsel was ineffective, we start by asking whether there were reasonable grounds upon which to advance the omitted claims. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

[O]nce we conclude that the omitted contention is of arguable merit, our inquiry into the substance of the claim ceases and shifts to an analysis of post-trial counsel's basis for decision. If it cannot be determined from the record whether a satisfactory basis for the omission exists than

[sic] a remand for an evidentiary hearing on that question is proper [cites].

Here, I cannot say that a claim based on unlawful delay would have been without "arguable merit." In considering how much delay is unlawful, the cases have reached varying results which depend on the facts of the particular case rather than on a *per se* cutoff point after which a revocation hearing will be found to have been unduly delayed. *See Commonwealth v. Waters,* 252 Pa.Super. 357, 381 A.2d 957 (1977) (dissenting opinion by SPAETH, J., discussing cases). Unlike the defendants in cases so far decided, appellant was out on bail as he awaited his probation violation hearing in May.* One could make a claim of at least arguable merit that for such a probationer, the delay in holding the revocation hearing must be relatively brief. Thus, a probationer who while awaiting his probation violation hearing is imprisoned for another offense will not suffer much from a delay in holding the revocation hearing, for he is in prison anyway; but when the probationer is on bail, the question of whether he may "go about his business" in the outside world or must go to prison should be resolved more quickly.

CERCONE, J., joins in this opinion.

---

* By the time of the continued hearing in September, however, he was in jail pending disposition of a new charge.