403 A.2d 1326
**COMMONWEALTH of Pennsylvania**
v.
**Lavaughn SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided May 4, 1979.

Robert L. Potter, Assistant Public Defender, Pittsburgh, for appellant.

Jacqueline Mikula Verney, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that his probation violation hearing was not held as speedily as possible, as required by Pa.R. Crim.P. 1409. We agree and, therefore, reverse the lower court's order revoking probation and vacate the judgment of sentence.

On February 10, 1971, appellant pled guilty to charges of robbery and receiving stolen goods. The lower court sentenced him to five years probation, effective as of April 10, 1971. On March 26, 1976, appellant was charged in two informations with theft. On August 4 and 5, 1976, he was convicted of those charges, and, on November 12, 1976, he was sentenced to concurrent terms of 18 to 36 months imprisonment. On March 15, 1977, the lower court held a probation violation hearing and found appellant in violation of his 1971 probation due to his convictions in August 1976. The court revoked probation and sentenced appellant to six to 12 months imprisonment. This appeal followed.

Appellant contends that the March 15, 1977 probation violation hearing, held 7½ months after his conviction and 11 months after his probationary period had expired, violated Pa.R.Crim.P. 1409. Rule 1409 provides:

"Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole." The requirement of a speedy revocation hearing "is nothing more than a restatement of the doctrine developed by our court that a revocation hearing must be held with 'reasonable promptness' after probation officials know or reasonably should have known of the violation." *Commonwealth v. Lipton*, 238 Pa.Super. 124, 135–36, 352 A.2d 521, 526 (1975) (dissenting opinion by HOFFMAN, J.). *See Commonwealth v. Waters*, 252 Pa.Super. 357, 360, 381 A.2d 957, 958–959 (1977). When the alleged probation violation is

the commission of another crime during the probationary period, the relevant period is the delay between the date of conviction for such crime and the date of the revocation hearing. *Commonwealth v. Waters, supra,* 252 Pa.Super. at 361, 381 A.2d at 959; *Commonwealth v. Jones,* 250 Pa.Super. 116, 378 A.2d 481 (1977); *Commonwealth v. Holmes,* 248 Pa.Super. 552, 375 A.2d 379 (1977); *Commonwealth v. Duff,* 201 Pa.Super. 387, 192 A.2d 258 (1963). In evaluating the reasonableness of such period, we use a tripartite test, focusing "upon three factors: the length of the delay; the reasons for the delay; and the prejudice to the defendant resulting from the delay." *Commonwealth v. Young,* 262 Pa.Super. 253, 256, 396 A.2d 741, 743 (1978). Applying these factors to the case at bar, we conclude that the probation violation hearing was not held with the reasonable promptness required by Rule 1409.

In the instant case, 7½ months elapsed between appellant's theft convictions and the revocation hearing. Because we have found that a 5 month delay can be unreasonable, *Commonwealth v. White,* 218 Pa.Super. 188, 279 A.2d 769 (1971), a 7½ month delay is obviously not "intrinsically reasonable" and, therefore, weighs in appellant's favor. *Commonwealth v. Jones,* 250 Pa.Super. 116, 120, 378 A.2d 481, 483 (1977).

The sole reason on the record for the delay was proffered by the court itself:

"DEFENDANT SMITH: The reason why I brought it up, I did get convicted in August, and this following August I was supposed to be eligible for, you know, a drug program, you know, that is, if I didn't have any, you know, anything else, you know, pending after that. I was just saying, like, as far as me waiting so long and applying for the drug program, I just wanted to know why, you know, it had taken this long for me to get violated instead of right after the conviction.

"THE COURT: Because we have a lot of people, I mean, the only answer I can give you is: It is a busy court. We

have about 10,000 cases a year to process. Unfortunately, you are not the only person we have to deal with. You are not the only person where there are multiple violations which occur and for which he has to be tried and who may request that he be tried separately, in which case you have a right, and that's what you did. So that's the only explanation I can give you of that matter." (RR pp. 8–9).

In *Commonwealth v. Holmes, supra,* 248 Pa.Super. at 558, 375 A.2d at 382, a unanimous Court found that a similarly brief and vague statement by a probation supervisor failed "to demonstrate adequately either the causes of the delays or the length attributable to each." On the basis of that record, we concluded that there was an "utter lack of diligence or explanation by the county probation officials." *Id.* After examining the record in the instant case, we therefore conclude that the Commonwealth failed to explain the 7½ month delay. "This absence of explanation must be weighed in appellant's favor. *See Commonwealth v. Rios, supra* [255 Pa.Super. 556, 389 A.2d 117 (1978)]." *Commonwealth v. Young, supra,* 262 Pa.Super. at 257, 396 P.2d at 743.

Although at the time of the revocation hearing appellant was incarcerated, serving the sentence imposed for his 1976 convictions, for which he was not yet eligible for parole, the fact that the hearing did not take place until 11 months "after the expiration of the probationary period demonstrates that appellant was prejudiced by the delay. *See Commonwealth v. Holmes, supra; Commonwealth v. White, supra.*" *Commonwealth v. Young, supra,* 262 Pa.Super. at 257, 396 A.2d at 743.

Considering the long delay, the lack of adequate explanation by the Commonwealth, and the prejudice to the appellant, we must conclude that appellant was denied his right to a speedy hearing.

Order revoking probation reversed and judgment of sentence vacated.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. I do so despite an awareness that the result achieved by the majority is consistent with an earlier decision in *Commonwealth v. Young*, 262 Pa.Super. 253, 396 A.2d 741 (1978) (Hester, J., dissenting). I dissent because, in my judgment, we are placing too rigid and too stringent an interpretation on the requirement found in Pa.R.Crim.P. 1409 that a probation violation hearing be held "as speedily as possible."

Lavaughn Smith, appellant, was convicted of robbery in 1971 and placed on probation for five years, commencing April 10, 1971. On August 5, 1976, he was convicted of a theft which had occurred on March 15, 1976. He was sentenced for this new offense on November 12, 1976. On March 15, 1977, a probation violation hearing was held, probation was revoked, and a sentence of imprisonment imposed for not less than six months nor more than twelve months. This hearing took place 7½ months after appellant's conviction and four months after sentence for the new offense had been imposed.

The failure to hold an earlier probation violation hearing was explained by a busy court schedule. Appellant's evidence failed to show that any actual prejudice had been caused by the delay. His conviction of the new offense did not occur until after the initial probation period had expired; and he was serving a sentence of imprisonment for the new offense at the time of his probation violation hearing. Therefore, it is difficult to perceive in what manner appellant was really prejudiced because the probation violation hearing did not take place until after the expiration of the original probationary period.

Probation is an effective rehabilitative tool. It deters future criminal activity, but only if the probationer understands that a new offense will result in its revocation and the imposition of a sentence of incarceration. To the extent that unnecessarily rigid time limitations render revocation uncertain, the effectiveness of probation is diluted. Therefore, I would not interpret Rule 1409 as imposing time

restrictions upon probation violation hearings which are more stringent than those required by the due process clause of the United States Constitution. See: *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 204, 50 L.Ed.2d 236 (1976).

The circumstances in the instant case lead me to conclude that the delay in holding the final probation violation hearing was not unreasonable. Therefore, I would affirm the action of the trial court.