415 A.2d 903

**COMMONWEALTH of Pennsylvania**

v.

**Darrell D. WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed Dec. 5, 1979.

Patrick McFalls, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for appellee.

Before SPAETH, VAN der VOORT and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Allegheny County, Criminal Division, revoking probation.

The facts are as follows: On March 17, 1976, the defendant-appellant, Darrell D. Williams, pled guilty to burglary,

theft and receiving stolen property and was placed on probation for a five (5) year term.

While on probation, on September 25, 1977, the appellant was arrested and charged with burglary, theft by unlawful taking or disposition, and criminal conspiracy. On January 19, 1978, he was tried non-jury and adjudged guilty of burglary and criminal conspiracy. A sentence of eleven (11) and one-half (½) to twenty-three (23) months was imposed on March 21, 1978. The effective date of that sentence was October 28, 1977.

A probation revocation hearing was held on April 10, 1978, before Judge Robert E. Dauer. After the hearing the appellant's probation was revoked and he was sentenced to two (2) and one-half (½) to five (5) years. No post-revocation motions were filed by the appellant. This appeal followed.

The appellant asks this court to vacate the order revoking his probation and the imposition of sentence by reason of *Pennsylvania Rule of Criminal Procedure 1409* which provides:

"[W]henever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing *held as speedily as possible* at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole." (Emphasis added)

The right to a speedy revocation hearing as set forth in *Pennsylvania Rule of Criminal Procedure No. 1409* is a restatement of the doctrine developed by the courts that such hearing must be held with reasonable promptness. In *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) the Court held that due process requires that before a person's probation may be revoked the person is entitled to: (1) a preliminary hearing to determine whether there was probable cause to believe that he has violated his probation and (2) a final hearing prior to the ultimate decision whether his probation should be revoked. The

preliminary hearing to establish probable cause is known as a *Gagnon I* hearing and the final hearing is known as a *Gagnon II* hearing.

The arrest and conviction of the appellant supplied the probable cause so that the only complaint to be decided by this appeal is whether the length of time between the probation violations (conviction) and the probation revocation hearing (*Gagnon II* hearing) was unreasonable, therefore violating due process and *Rule 1409 of the Pennsylvania Rules of Criminal Procedure* mandates.

The court in the instant case properly waited until there was an actual conviction for the second offense and since the defendant suffered no prejudice by any delay until the second conviction since he was not subject to any unnecessary incarceration as the result of said delay, we find that the decision of the court below was proper.

At the time of the revocation hearing, the appellant was serving his sentence on the January 19, 1978 conviction. *Gagnon v. Scarpelli,* supra, held that the minimum due process requirements for probation revocation are identical to those established in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, for parole revocation. See also, *Commonwealth v. Holmes,* 248 Pa.Super. 552, 375 A.2d 379 (1977).

In *Commonwealth v. Rios,* 255 Pa.Super. 556, 389 A.2d 117 (1978) we held that merely determining the length of any such delay does not resolve the issue of whether the delay was unreasonable. To the contrary, in *Rios,* supra, this Court referred to *Commonwealth v. Jones,* 250 Pa.Super. 116, 118–119, 378 A.2d 481, 482 (1977) and held a four month delay reasonable after using a balancing test in assessing reasonableness of the delay which included such factors as the length of delay, the reasons for the delay, and the prejudice, if any, to the defendant.

In *Commonwealth v. Williams,* 254 Pa.Super. 202, 385 A.2d 979 (1978), this Court held that a delay of five (5) and one-half (½) months in holding a probation revocation hearing was not unreasonable where there was no attempt by

the Commonwealth to delay the hearing in order to hamper the defense, and the delay did not result in unnecessary incarceration or limitation of personal liberty. In the instant case, the court held the hearing in abeyance after the arrest, until the conviction and the hearing was held within three (3) months of that date which we find to be not unreasonable delay.

No specific reason for the delay has been discussed except the obvious administrative difficulties of a busy court but here there was clearly no prejudice occasioned by the delay. There was no attempt by the Commonwealth to delay the hearing so as to hamper the defense and the delay did not cause incarceration. No prejudice whatsoever has resulted from the delay as the original probation was still running at the time of the hearing.

As the court below said:

"This requirement of a speedy revocation hearing is a restatement of the doctrine developed by the Pennsylvania courts that a hearing must be held with reasonable promptness after probation officials learn of the violation. However, an exception to this rule exists where the violation consists of commission of a crime during the probationary period: 'In such cases it is sufficient that the court which imposed the probation should act promptly after a conviction for the probation violating offense.' *Commonwealth v. Duff*, 201 Pa.Super. 387, 395, 192 A.2d 258, 262 (1964); *Commonwealth v. Jones*, 250 Pa.Super. 116, 378 A.2d 481, 482 (1977).

"In the instant case the court properly waited until there was an actual conviction for the second offense and since the defendant suffered no prejudice as a result of any delay until the second conviction since he was not subject to any unnecessary incarceration as a result of said delay, it is the finding of this court that the revocation proceedings were proper and the defendant's contention without merit."

Judgment of sentence affirmed.

SPAETH, J., concurs in the result.