417 A.2d 240

**COMMONWEALTH of Pennsylvania**

v.

**Edward BRYANT, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Dec. 21, 1979.

John W. Packel, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before VAN der VOORT, HESTER and WIEAND, JJ.

VAN der VOORT, Judge:

This is an appeal from a ruling by the lower court revoking appellant's probation and sentencing him to serve a term of imprisonment. The only grounds for this appeal are that the probation revocation hearing was not timely and that record notice to appellant of the hearing is lacking.

Appellant was arrested on August 15, 1977, and charged with burglary, possession of an instrument of crime, theft and unlawful taking. He was tried and convicted of these charges on December 15, 1977. On February 2, 1978, after

consideration of a pre-sentence report, appellant was sentenced to nine to twenty-three months and was immediately paroled to an in-patient treatment program for drug abusers at an institution known as Horizon House.

This adjudication was a direct violation of the term of probation that appellant was serving for Judge Edward B. Rosenberg, pursuant to a conviction in 1976 in which appellant pleaded guilty to burglary, criminal trespass and simple assault.

A hearing on whether appellant's probation should be revoked was first scheduled by Judge Rosenberg for March 2, 1978. On that date the hearing was continued due to the fact that the wrong "Edward Bryant" had been brought to the court house.

The second scheduled hearing was for April 4, 1978 and this hearing was also continued due to the absence of appellant. No explanation for the failure to bring appellant to court appears in the record.

The third scheduled hearing was set for May 2, 1978 and again the record fails to explain the absence of appellant. It is noted, however, in the notes of testimony for this aborted hearing that at this time appellant was an in-patient at the Horizon House drug rehabilitation program. (N.T. May 2, 1978, 3).

Appellant finally had his hearing on June 1, 1978 at which time his probation was revoked and the present sentence delivered.

Appellant's first claim is that the five and one half month delay between his conviction and revocation hearing violated his right to receive a hearing "as speedily as possible" under Pa.R.Crim.P. 1409.

"The primary purpose of requiring a prompt revocation hearing is to prevent the loss of essential witnesses or documentary evidence, and to avoid unnecessary incarceration or other limitations on personal liberty." *Commonwealth v. Jones*, 250 Pa.Super. 116, 121, 378 A.2d 481, 483 (1977).

Appellant urges this court to find not only that the delay was excessive but also that appellant was prejudiced as a result of such delay.

Pa.Rule of Criminal Procedure 1409, as in effect during the time in question, provided:

"Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held *as speedily as possible* at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole." (Emphasis added).

A delay of this length, five and a half months, is sufficiently long to necessitate an inquiry into the surrounding circumstances, especially as the delay is largely unexplained.

In *Commonwealth v. Williams*, 254 Pa.Super. 202, 385 A.2d 979 (1978), an unexplained delay of five and a half months was not grounds for reversal as there was no indication that the Commonwealth deliberately attempted to delay the hearing and there was no prejudice found.

Similarly, in *Commonwealth v. Rios*, 255 Pa.Super. 556, 389 A.2d 117 (1978), a four month unexplained delay was not per se unreasonable, and the lack of prejudice to the appellant from such delay led the court to find that there had been no Rule 1409 violation.

We must therefore look to the prejudice, if any, that the delay in this case caused the appellant. Appellant advances only one ground for his prejudice contention. Appellant at the time of his parole revocation had completed the first two months of a nine to twelve month in-patient drug rehabilitation program. He argues therefore that he was harmed by the fact that his forced withdrawal from the program,

"was particularly harmful to appellant because at the time it took place he had begun to deal with his drug problem and was well on the road to rehabilitation. Clearly it would have been better for appellant to not enter Horizon House at all than to enter for two months, become involved in the treatment process, and then have the court disrupt the progress made." [Appellant's brief at page 14].

The notion that appellant would have been better off with no rehabilitation at all than to have had two months worth is not worthy of comment. We find therefore that appellant was not prejudiced by the delay.

■ Appellant's second contention is more troublesome. Appellant argues that since the record is devoid of any indication that appellant was notified of the charges prior to his revocation hearing, the court erred in revoking his probation. *Commonwealth v. Harris*, 251 Pa.Super. 248, 380 A.2d 471 (1977), (Judge Price concurring in the result and Judges Watkins, Jacobs and Van der Voort dissenting) stands for the proposition that a new probation revocation hearing must be granted where there is no evidence in the record to show that the appellant received written notice.

■ Judge Rosenberg's opinion enumerates the various requirements for a proper revocation hearing, including notice, and then states that "[A]ll these due process requirements were upheld by this Court." [Opinion at 4].

Although we are unable to find written notice in the documents presented to this court, in light of the lower court's statement we feel that this case should be remanded to the lower court to determine whether appellant was given written notice. If he was then the judgment of sentence is affirmed. However, should it be found that written notice was lacking, then we direct that the lower court schedule a new revocation hearing and provide appellant with written notice of the charges.