William Mirando, Petitioner *v.* Julius T. Cuyler, Superintendent at the State Correctional Institution at Graterford, Pennsylvania, and Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondents.

Submitted on briefs, December 18, 1979, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*William Mirando*, petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, with him *Edward G. Biester, Jr.*, Attorney General, for respondents.

OPINION BY JUDGE CRAIG, April 2, 1980:

Petitioner William Mirando has filed a petition for review against the Pennsylvania Board of Probation and Parole (Board), alleging that the board failed to hold a final parole revocation hearing within the time prescribed by law. The parties' cross-motions for summary judgment are before us for consideration.

On September 24, 1976, while on parole from a sentence carrying a September 5, 1978 maximum, petitioner was arrested in Massachusetts on charges of possession of narcotics, and parole violations. Moreover, Berks County had outstanding against petitioner charges of criminal attempt, aggravated assault, and recklessly endangering another person.

Petitioner was extradited to Berks County Prison on October 15, 1976, and on the same day the board issued a parole violation warrant based on the new Pennsylvania criminal charges and technical parole violations. Petitioner was afforded a preliminary detention and parole violation hearing on October 22, 1976, which he waived. On November 9, 1976, the

board ordered petitioner detained pending disposition of the new criminal charges.

On February 24, 1977, petitioner was found guilty on the Pennsylvania charges. After a revocation hearing held on March 18, 1977, the board took action as of April 19, 1977 to recommit petitioner as a convicted parole violator.[1]

Petitioner contends that the Board was required to hold a final revocation hearing within 120 days of October 22, 1976, the date he waived his preliminary hearing. We disagree.

The provisions of 37 Pa. Code §71.3 authorized the October 15, 1976 detainer of petitioner without hearing, pending disposition of new criminal charges. Because the March 18, 1977 final parole revocation hearing was held only 22 days after petitioner's February 24, 1977 conviction on the new criminal charges, the board complied with 37 Pa. Code §71.4, which requires that a hearing be held within 120 days from the date the board receives official verification of a plea of nolo contendere or a guilty verdict at the highest trial court level. *Dobson v. Pennsylvania Board of Probation and Parole*, 41 Pa. Commonwealth Ct. 27, 398 A. 2d 252 (1979).

Accordingly, we deny petitioner's motion for summary judgment.

## ORDER

AND Now, this 2nd day of April, 1980, the motion for summary judgment of the Board of Probation and Parole is granted and the motion for summary judgment of William Mirando is denied, and judgment is entered in favor of the Board of Probation and Parole.

---

[1] Petitioner's appeal was denied on April 27, 1978. Thus, on June 16, 1978, the board reaffirmed recommitment of petitioner as a convicted parole violator.

300

President Judge Bowman did not participate in the decision in this case.

Judge DiSalle did not participate in the decision in this case.