421 A.2d 1142

**COMMONWEALTH of Pennsylvania**

v.

**Joseph WHITFIELD, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 22, 1980.

John W. Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and EAGEN, JJ.*

WICKERSHAM, Judge:

On Thursday, July 29, 1976 defendant, Joseph H. Whitfield, pleaded guilty to various criminal charges before the Honorable Harry M. Montgomery, Specially Presiding. The charges included robbery, unlawful possession of an instrument of crime (revolver) and lesser charges. The plea of guilty was negotiated and the defendant sentenced to the Philadelphia County Prison for not less than five months nor more than twenty–three months, with credit for time served.[1]

The defendant was subsequently paroled and on Monday, May 15, 1978, was brought before the Honorable Charles P.

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania is sitting by designation.

1. The complainant, one William Gordon, was held up and robbed by two males on March 13, 1976, at about 5:25 p. m. at the point of a gun, which males entered the apartment through an unlocked door. Gordon knew both of the criminals. They removed certain property from his apartment and struck the victim before leaving. Judge Montgomery sentenced the defendant on the Bill at 2282 March Session, 1976 involving the charge of robbery and a nolle prosequi was entered as to all of the remaining Bills of Indictment at 2282, 2284, 2285 and 2286, March Session, 1976. The defendant was represented by Martin P. Stanshine, Esquire, at the hearing held July 29, 1976. He was advised of his appellate rights.

Mirarchi, Jr. for a violation of parole hearing. He was represented by Leonard Lieberson, Esquire, Assistant Public Defender. Thomas Costa, Adult Probation Officer, testified to the prior proceedings before Judge Montgomery, and to an incident allegedly occurring August 12, 1977 when defendant Whitfield was arrested and charged with robbery, simple assault, aggravated assault, possession of an instrument of crime, and other charges. He appeared before the Honorable Richard Klein on April 13, 1978 for sentencing and was sentenced to six to fifteen years on the robbery charge arising from the August 1977 incident.

At the conclusion of the violation of parole hearing, Judge Mirarchi found that the defendant had violated the parole which he had been serving as a result of the guilty plea before Judge Montgomery and determined that defendant's parole be revoked and that he be committed to serve the balance of his sentence under Bill of Indictment No. 2282, March Term, 1976. His appellate rights were read to him.

Thereafter, Whitfield filed a timely appeal and poses the following questions:

"1. Was not the delay of four months from when he was convicted for the new offense until his parole revocation hearing based on this offense was held violative of due process of law and the express mandate of Rule 1409 of Pa.R.Crim.P. which prohibits revocation unless a hearing has been held 'as speedily as possible,' since no explanation or reason was ever offered for the lengthy delay?

"2. Is not the appellant entitled to a new violation of parole hearing, since the violation summary contains information which court records indicate is incorrect?

"3. Is not appellant entitled to a new violation of parole hearing, since there was no imperative necessity for another judge to replace the trial judge at the violation of parole hearing?

"4. In the event this Court concludes that counsel in the lower court did not preserve any or all of the issues raised in this appeal, was not counsel's inaction ineffective assistance and is not appellant entitled to the same relief as if the issue(s) had been preserved?"

Statement of Questions Involved, Page 2, Appellant's Brief.

## I.

First, appellant complains that his appearance before Judge Mirarchi on May 15, 1978 for a violation of parole hearing was not timely. As stated hereinabove his original sentence on July 29, 1976 was for a period of five to twenty-three months imprisonment, which sentence would normally have expired on February 14, 1978. Prior to that date however, in August of 1977, the defendant became involved in further felony-criminal activity and was found guilty of the same before the Honorable Richard Klein on January 11, 1978, and sentenced on the new criminal activity on April 13, 1978. Barely more than a month later he was before Judge Mirarchi for a violation of parole hearing.

Rule 1409 of Pa.R.Crim.P. provides:

"Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole. In the event that probation is revoked and sentence is reimposed, the judge shall comply with the pertinent provisions of Rule 1405.

"*Comment*: The judge may not revoke probation or parole on arrest alone, but only upon finding of a violation thereof after a hearing, as provided in this Rule. However, the judge need not wait for disposition of new criminal charges to hold such hearing. See *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701 (1973).

"This Rule does not govern parole cases under the jurisdiction of the Parole and Pardons Board, but applies only to the defendants who can be paroled by a judge—to wit, defendants confined in county prisons. See Act of June 11, 1911, P.L. 1059, § 1, as amended by

the Acts of May 5, 1921, P.L. 379, § 1, and May 11, 1923, P.L. 204, § 1, 61 P.S. § 314."

Adopted July 23, 1973, effective in 90 days; amended May 22, 1978, effective as to cases in which sentence is imposed on or after July 1, 1978.

It is the contention of defendant that the hearing before Judge Mirarchi was not held "as speedily as possible," as required by Rule 1409.

In this day and age, and with the tremendous volume of criminal cases pending before the courts of the Commonwealth of Pennsylvania and in particular the Criminal Trial Division of Philadelphia County, it would seem on its face that a violation of parole hearing held slightly more than four months after conviction on the new criminal activity constitutes a "hearing held as speedily as possible."

Interestingly this case presents the opposite side of *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701 (1973) in which the principal issue presented was whether a probation violation hearing may be held prior to the trial for criminal charges which are based on the same activities which gave rise to the alleged probation violation. In the *Kates* appeal, involving three consolidated appeals, the hearing judge had held or attempted to hold the violation of probation hearing *prior* to the probationer's trial on the substantive offense (emphasis added).

Mr. Justice Nix, speaking for the majority, said:

"As noted, the issue shared by each of these appeals concerns the propriety of holding probation violation hearings where the alleged violation consists of activities which also constitute the basis for criminal charges before the trial for these subsequent offenses has been held. No question has been raised concerning the power of the court in the first instance to impose the order of probation and the parties also agree that the court does have the power to revoke a probation and impose a prison sentence when there has been a violation of the probation. The dispute arises as to when the hearing to determine whether there has been a violation may be held and the nature

of that hearing necessary to comply with due process. To resolve the complex issues presented we must look first to the statutory law of this Commonwealth on the subject.

\*     \*     \*     \*     \*     \*

"Appellant next contends that since a violation hearing was occasioned by the subsequent arrest, a view to the conservation of judicial time and manpower would rule against the conducting of two "trials". This argument assumes that the issues in the two proceedings are identical. We do not agree. At the subsequent trial the issue is whether the elements of the offense or offenses charged are present and the burden is upon the Commonwealth to establish all of the requisite elements beyond a reasonable doubt. The focus of a probation violation hearing, even though prompted by a subsequent arrest, is whether the conduct of the probationer indicates that the probation has proven to be an effective vehicle to accomplish rehabilitation and a sufficient deterrent against future antisocial conduct.

\*     \*     \*     \*     \*     \*

"Having concluded that it is permissible to conduct a revocation hearing before trial, we must now determine whether the constitutional rights of the instant appellants were violated. Initially we note that *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), set out the minimum due process requirements at a revocation hearing. There the Supreme Court specifically stated: 'Our task is limited to deciding the minimum requirements of due process. They include (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written state-

ment by the factfinders as to the evidence relied on and reasons for revoking parole. We emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense; it is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.'

408 U.S. at 488, 92 S.Ct. at 2604, 33 L.Ed.2d at 498–499."
452 Pa. at 117–118, 305 A.2d at 708–709 (footnotes omitted).

A similar issue was recently before the Supreme Court of Pennsylvania in *Commonwealth v. Pounds*, 490 Pa. 621, 417 A.2d 597, 1980, opinion by Chief Justice Eagen, where the appellant contended the trial court erred in denying his motion to dismiss based on a claimed violation of his right to a speedy trial due to a delay of nearly two years between the jury's verdict and his sentencing. Pounds had been found guilty of murder of the first degree and the Supreme Court concluded that "our review of these circumstances surrounding the delay in sentencing Pounds convinces us that the delay was neither purposeful nor oppressive and that there has been no violation of Pounds' right to a speedy trial which would presently entitle him to relief" (490 Pa. page 630, 417 A.2d page 601).

So too in the instant situation where the defendant had his violation of parole hearing barely 4 months after conviction on the criminal activity that necessitated the violation of parole hearing, we believe such hearing to have been held "as speedily as possible" and that the delay of four months is neither oppressive nor purposeful.

Our court has previously considered this precise question in *Commonwealth v. Smith*, 266 Pa.Super. 234, 403 A.2d 1326 (1979).[2] In the *Smith* case, appellant contended that his probation violation hearing was not held as speedily as possible, as required by Pa.R.Crim.P. 1409. Judge Hoffman, speaking for the two judge majority, agreed and reversed

**2.** Decision by Judge Hoffman as part of a three judge panel with dissenting opinion by Judge Wieand.

the lower court's order revoking probation and vacated the judgment of sentence. In the *Smith* case the appellant had pled guilty February 10, 1971 to charges of robbery and was sentenced to five years probation effective April 10, 1971. Almost five years later, on March 26, 1976, the appellant was charged with theft (two informations). On August 4–5, 1976, he was convicted of those charges and on November 12, 1976 he was sentenced to concurrent terms of eighteen to thirty–six months imprisonment. On March 15, 1977 the lower court held a probation violation hearing and found appellant to be in violation of his 1971 probation due to his August 1976 convictions. The court revoked probation and sentenced the appellant to six to twelve months imprisonment and the appeal followed.

The appellant in *Smith*, contended that the March 15, 1977 probation violation hearing, coming seven and one–half months after his conviction and eleven months after his probationary period had expired, violated Pa.R.Crim.P. 1409. The two judge panel agreed holding that when the alleged probation violation is the commission of another crime during the probationary period, the relevant period is the delay between the date of conviction for such crime and the date of the revocation hearing. In the *Smith* case seven and one–half months had elapsed between appellant's convictions and the revocation hearing. The majority of the panel concluded that the probation violation hearing was not held with reasonable promptness required by Rule 1409. They held that the seven and one–half month delay was not intrinsically reasonable and therefore weighed in appellant's favor.

In *Commonwealth v. White*, 218 Pa.Super. 188, 279 A.2d 768 (1971), Judge Hoffman, speaking for a unanimous Superior Court of Pennsylvania, found that the lower court did not revoke appellant's probation with reasonable promptness and vacated the judgment of sentence. In the *White* case, the appellant had pleaded guilty to attempted burglary on July 10, 1968 and was placed on two years probation. On December 18, 1969 he was arrested on various charges and

at trial on March 3, 1970 was found guilty of false pretenses and was sentenced to prison. On August 16, 1970, over five months later, and five weeks after the end of the probationary period, probation on the 1968 conviction was revoked and the appellant was sentenced to one to two years in prison to commence at the expiration of the March 3, 1970 sentence. Our court held in that instance:

"Appellant contends that his sentence is invalid because the lower court did not revoke his probation with reasonable promptness. In *Commonwealth v. Duff*, 201 Pa.Super. 387, 192 A.2d 258, rev'd on other grounds, 414 Pa. 471, 200 A.2d 773 (1964), this Court delineated the circumstances under which a revocation was permissible after the expiration of the probationary period. '[W]here the violation, which occurred during the probationary period, consists in the commission of a crime and the defendant pleads not guilty to that crime, the court should have the power to revoke the probation if it acts promptly after the trial at which the defendant is found guilty of the new crime. In each such case, the question reduces to whether the delay in the revocation and the imposition of the prison sentence is reasonable. It is sufficient that the court which imposed the probation should act promptly after the violation is discovered or, in the case of an accusation of crime, after the conviction, even though the probationary period has expired meanwhile.' Id., 201 Pa.Super. at 395, 192 A.2d at 262–263.

"In *Duff*, and in *Commonwealth v. Ferguson*, 201 Pa.Super. 649, 193 A.2d 657 (1963), a delay of two weeks between notification of violation and revocation was held to be 'reasonable promptness.' In *Commonwealth v. Bomberger*, 214 Pa.Super. 429, 257 A.2d 630 (1969), the defendant was placed on probation and ordered to make restitution. For a number of years payments were not made, and eventually probation was revoked. This Court held that such a delay was impermissible, since the probation department knew, or should have known, for an extended period that the defendant was in violation of his probation.

"The delay in the instant case is just as unreasonable. Appellant appeared before the same court and was convicted a second time in the same county. Obviously, probation officials should have known of his conviction, and should have acted with 'reasonable promptness' in revoking his probation. A delay of five months in these circumstances was clearly unreasonable.

"The judgment of sentence is vacated."

218 Pa.Super. 190, 279 A.2d at 769.

Returning to our instant appeal and considering the relevant period of delay as being between the date of conviction of a crime committed during the probationary period and the date of the revocation hearing, we are dealing with a period of four months, that is, the period of time from January 11, 1978 when appellant was found guilty by Judge Klein on the new charges and May 15, 1978 when Judge Mirarchi held the violation of parole hearing. This represents a calendar period of four months and four days.[3]

3. We note in passing that our entire court considered a similar question in *Commonwealth v. Young*, 262 Pa.Super. 253, 396 A.2d 741 (1978), opinion by Judge Spaeth; however, the question there was an eleven month delay between appellant's conviction and his probation revocation hearing. Appellant contended that his probation violation hearing was not held as speedily as possible as required by Pa.R.Crim.P. Rule 1409. On December 7, 1971 appellant pleaded guilty to charges of aggravated robbery and lesser charges. He was sentenced to five years probation effective as of June 24, 1970. Thereafter, on November 7, 1974 he was charged with robbery and on July 9, 1975 was convicted thereof. On November 12, 1975 he was sentenced to five to twenty years on the new robbery charge with lesser concurrent sentences on other lesser charges. A violation of probation hearing was held June 10, 1976 and appellant was then found in violation of his 1971 probation. Probation was revoked and appellant was sentenced to one to five years imprisonment. Judge Spaeth stated that "the requirement of reasonable promptness is not a prophylactic rule, violation of which is determined solely by the length of time between the conviction and the hearing. Instead, the question is whether the delay was reasonable under the circumstances of the specific case. In evaluating the reasonableness of the delay we focus upon three factors; the length of the delay; the reasons for the delay; and the prejudice to the defendant resulting from the delay."
262 Pa.Super. at 255, 257, 396 A.2d at 742, 743 (citations omitted).

We note from the transcript of the violation of parole hearing held Monday, May 15, 1978 that defense counsel desired to have the hearing held before a judge other than Judge Mirarchi and stated that "the defense is waiving the issue of the timely hearing for the purpose of having this sent to Judge Gafni." (N.T. 3). Be that as it may and under all the circumstances we find that the probation revocation hearing was held "as speedily as possible" within a fair reading and understanding of that language in Rule 1409. To hold otherwise would be to place too rigid and too stringent an interpretation on the requirement that a probation violation hearing be held "as speedily as possible." [4]

In summary, therefore, we have the factual situation of a defendant who pled guilty to a felony charge July 29, 1976 and negotiated a sentence of from five to twenty-three months. During his period of parole, on August 12, 1977, he committed a further felony offense. He was adjudged guilty before Judge Klein on January 11, 1978, and sentenced to prison on April 13, 1978. He was serving his prison sentence of from six to fifteen years when, barely a month later, on May 15, 1978, he appeared before Judge Mirarchi for his violation of parole hearing. He raised no question nor issue at his violation of parole hearing about any alleged prejudice due to "delay" in the scheduling of his parole revocation hearing. No prejudice to the defendant was asserted nor can any be imagined under the circumstances.

We conclude the "delay" was reasonable under the circumstances of this specific case.[5]

We affirm the order.

4. See dissenting opinion of Judge Wieand, *Commonwealth v. Smith*, 266 Pa.Super. 234, 403 A.2d 1326 at 1329 (1979).

5. After a studied consideration of the records, together with appellant's brief, we find no merit to any of the remaining statements of questions involved.