436 A.2d 1039

COMMONWEALTH of Pennsylvania

v.

**William BALLARD, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Decided Oct. 30, 1981.

John S. DiGiorgio, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

SUGERMAN, Judge:

Appellant contends on appeal that he was denied his right to a speedy probation revocation hearing, in violation of Pa.R.Crim.P. 1409.[1] The facts are easily gleaned from the docket entries and the able opinion of the court below.

---

\* President Judge John Q. Stranahan, of the Court of Common Pleas of Mercer County, Pennsylvania, is sitting by designation.

Judge Leonard Sugerman, of the Court of Common Pleas of Chester County, Pennsylvania, is sitting by designation.

1. On the date Appellant's probation was revoked, Pa.R.Crim.P. 1409 provided:

"[Rule 1409]

On December 4, 1972, Appellant was found guilty at a bench trial of Assault and Battery[2] and Aggravated Robbery.[3] Post trial motions were denied and on March 22, 1973, Appellant was sentenced upon the robbery conviction to probation for a period of five years. Sentence was suspended upon the conviction of assault and battery.

On May 16, 1974, while still on probation, Appellant was convicted of possessing a controlled substance with the intent to deliver it, and sentenced to an additional five year period of probation. Again, on December 19, 1974, Appellant was convicted of theft by receiving stolen property, and sentence was suspended.

As the result of the two latter convictions, a probation revocation hearing was held on January 15, 1975. Following the hearing, Appellant's probation was revoked and the lower court imposed a new term of probation, to run for a further period of five years from the date of the hearing.

On December 18, 1975, Appellant was again convicted of theft by receiving stolen property, and on January 6, 1976, Appellant was convicted of robbery and related offenses. On May 6, Appellant was sentenced upon the robbery conviction to a term of imprisonment of five to ten years.

As the result of these convictions, Appellant appeared before the lower court on June 15, 1976, for yet another probation revocation hearing. Finding Appellant in violation, the court revoked the probation imposed on January 15, 1975, and sentenced Appellant to prison for a term of not less than two nor more than twenty years, the sentence to run consecutively to the sentence imposed upon the last noted robbery conviction.

> Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole."

2. 18 P. S. § 4708 (Repealed).

3. 18 P. S. § 4705 (Repealed).

Appellant thereupon appealed to this Court, contending that he was denied due process at the latter revocation hearing, as he was not provided with written notice of the asserted probation violations in advance of the hearing. We agreed, reversed the lower court's order revoking Appellant's probation and remanded the case to the lower court.[4] The record was remanded by the Prothonotary of this Court to the lower court on November 10, 1977.

Following remand, another probation revocation hearing was scheduled by the lower court for January 9, 1978. At the appointed time, Appellant's counsel appeared and advised the court that written notice of the asserted violations was still not adequate. Counsel further advised the court that he had been provided with additional documentation by Appellant's probation officer immediately prior to the hearing, and asked for a continuance in order that he and his client might review the additional material. The court continued the hearing for a period of two weeks, and at the same time, directed Appellant's probation officer to prepare and deliver detailed notice to Appellant.

The matter was again scheduled to be heard on January 24, 1978, and on that date Appellant's counsel advised the court that as the result of counsel's suggestion, Appellant's probation officer gave the detailed violation notice to counsel, rather than to Appellant, and accordingly, Appellant did not yet have a copy of the violation notice. The court again directed Appellant's probation officer to give a copy of the notice to Appellant and again continued the hearing. Appellant's revocation hearing was finally held on February 14, 1978, and at the conclusion of the hearing, probation was revoked and Appellant was sentenced as earlier noted.

As earlier observed, Appellant contends that he was not afforded a speedy probation revocation hearing, and he asks that we again vacate the revocation order. In order to properly dispose of Appellant's contention we must first compute the length of the delay, and then determine wheth-

4. *Commonwealth v. Ballard*, 250 Pa.Super. 46, 378 A.2d 445 (1977).

er that period constituted a reasonable time within which to hold Appellant's hearing.[5]

## I.

■ In advancing his contention, Appellant would have us compute the period of delay from June 15, 1976, the date of Appellant's second revocation hearing, to February 14, 1978, the date of Appellant's third and last revocation hearing. Appellant thus contends that the delay extended for a period of 18 months. Appellant suggests as well that most if not all such period is more properly characterized as "judicial" delay, including as it does the period from the date Appellant filed his earlier appeal in this Court until we remanded the record following our adjudication. Appellant misperceives the law.

It will be recalled that Appellant's probation violation resulted from two subsequent convictions, and in the usual case, we compute and focus upon the period between the date of the subsequent conviction and the date of the revocation hearing. *See, e. g., Commonwealth v. Whitfield,* 281 Pa.Super. 51, 55, 421 A.2d 1142, 1145 (1980); *Commonwealth v. Williams,* 272 Pa.Super. 308, 415 A.2d 903 (1979); *Commonwealth v. Martin,* 262 Pa.Super. 113, 396 A.2d 671 (1978). This approach is not appropriate, however, when a defendant has appealed from the judgment of sentence resulting from a revocation of probation and obtains a new hearing, as Appellant at bar. As we said in *Commonwealth v. Honeyblue,* 276 Pa.Super. 107, 419 A.2d 118 (1980):

"When a defendant has appealed from the judgment of sentence resulting from a probation revocation and obtains a new hearing, the court focuses on the period after remand in assessing whether a hearing has been held with reasonable promptness. *Commonwealth v. Martin,* 262 Pa.Super. 113, 118, 396 A.2d 671, 673 (1978). The period after remand is the focus of attention because during the

5. As earlier noted, Pa.R.Crim.P. 1409 requires that the hearing be held "as speedily as possible". We have construed this language to mean "within a reasonable time". *Commonwealth v. Williams,* 272 Pa.Super. 308, 415 A.2d 903 (1979).

time the appeal is pending the sentencing court has no jurisdiction over the matter and should not be accountable for the resulting delay. *Id.*, 262 Pa.Super. at 118, [n. 4] 396 A.2d at 673 n. 4." *Id.*, 276 Pa.Supr. at 111, 419 A.2d at 120.

Instantly, remand occurred on November 10, 1977,[6] and Appellant's revocation hearing was held on February 14, 1978, 96 days later, a period of little more than three months.

## II.

Having computed the period of delay, we must determine whether such delay was unreasonable. In determining whether the time between the date of remand and the probation revocation hearing is reasonable, we consider three factors: (1) the length of the delay; (2) the reasons for the delay; and (3) the prejudice to the defendant resulting from the delay. *Commonwealth v. Honeyblue*, supra, 262 Pa.Super. at 109–10, 419 A.2d at 119–20; *Commonwealth v. Ruff*, 272 Pa.Super 50, 414 A.2d 663, 666 (1979). Although Appellant fails to articulate prejudice of any kind, he suggests that we should infer prejudice from the length of the delay alone. It is clear to us, however, that superficially at least, a delay of 96 days is not unreasonable, without further inquiry, and we have frequently found delays of longer periods to have been reasonable. *See, e. g., Commonwealth v. Whitfield*, supra (4 months); *Commonwealth v. Bryant*, 273 Pa.Super. 205, 417 A.2d 240 (1979) (five and one-half months); *Commonwealth v. Ruff*, supra (6 months); *Commonwealth v. Long*, 264 Pa.Super. 465, 400 A.2d 179 (1979) (5 months); *Commonwealth v. Diaz*, 258 Pa.Super. 346, 392 A.2d 827 (1978) (4 months, 3 weeks); *Commonwealth v. Rios*,

**6.** We note that our earlier opinion disposing of Appellant's appeal was filed on October 6, 1980, some thirty-six days before the record was remanded to the lower court. This period is not included in determining the period of delay as the record must remain in our Court for a period of thirty days following our order awaiting the possible filing of a petition for allocatur with the Supreme Court. Pa.R.A.P. 2572; *Commonwealth v. Martin*, supra 262 Pa.Super. at 118, 396 A.2d at 671.

255 Pa.Super. 556, 389 A.2d 117 (1978) (4 months); *Commonwealth v. Williams,* 254 Pa.Super. 202, 385 A.2d 979 (1978) (five and one-half months). *And see Mirando v. Cuyler,* 50 Pa.Cmwlth. 297, 412 A.2d 916 (1980) (120 days).

At bar, it should again be noted that the court originally scheduled the revocation hearing for January 9, 1978, but continued it at the request of Appellant's counsel in order that Appellant and his counsel might review the notice of violation at length. On January 24, 1978, the date to which the hearing was continued, counsel again sought a continuance as Appellant's probation officer, at counsel's request, had given the detailed notice of violation to counsel rather than to Appellant. The hearing was held on February 14, 1980, and the delay of 21 days between the two latter dates is obviously attributable to Appellant, his counsel, or both.

### III.

■ Finding that the period of delay is not on its face unreasonable, we must lastly address the question of whether such delay, while not unreasonable in itself, resulted some specific prejudice to Appellant. *Commonwealth v. Honeyblue,* supra. Although Appellant points to no such prejudice, he does assert the following:

"A prison sentence is a continuim which has at its latter section a period in which more leniety is shown toward and more trust placed in the defendant. Any considerable delay such as the instant one will necessarily prejudice the defendant because the latter stages are postponed." Appellant's Brief at 10.

We are frank to confess that the logic underlying Appellant's assertion escapes us.[7] It will be recalled that on May

7. It is of course true that the sentence imposed upon Appellant as the result of the revocation of his probation, by its terms must be served consecutively to the prison term he is serving upon the robbery conviction, and will thus extend his minimum term for a period of at least two years. While this issue might well have been addressed by Appellant to the lower court within the framework of a petition to reconsider or modify the sentence imposed upon revocation, it is

6, 1976, Appellant had been sentenced to a term of imprisonment of five to ten years upon a conviction for robbery, one of the two subsequent convictions constituting the violations resulting in the instant probation revocation. At the date of the revocation hearing, Appellant was yet serving the minimum aspect of that sentence. The delay at bar in no way contributed to or resulted in Appellant's confinement. *Commonwealth v. Williams,* supra. As we said pertinently in *Commonwealth v. Diaz,* supra:

> "On the issue of prejudice we note that a probationer awaiting his probation violation hearing while being imprisoned for another offense does not suffer much if there is a delay in holding the revocation hearing, for he is already imprisoned." *Id.,* 258 Pa.Super. at 350, 392 A.2d at 829.

Both the Supreme Court and this Court have also held that delay can be unreasonable if the revocation hearing is held after the original period of probation has expired. *Commonwealth v. Honeyblue,* supra; *Commonwealth v. Smith,* 266 Pa.Super. 234, 403 A.2d 1326 (1979); *Commonwealth v. Young,* 262 Pa.Super. 253, 396 A.2d 741 (1978); *Commonwealth v. Holmes,* 248 Pa.Super. 552, 375 A.2d 379 (1977); *Commonwealth v. White,* 218 Pa.Super. 188, 279 A.2d 768 (1971). *Compare Commonwealth v. Duff,* 201 Pa.Super. 387, 192 A.2d 258 (1963), (*rev'd on other grounds*) 414 Pa. 471, 200 A.2d 773 (1964). At bar, however, Appellant's five year probationary period would not have expired until January 15, 1980, nearly two years *subsequent* to the revocation hearing.

Nor does Appellant contend, and we do not find, that the delay resulted in hampering his ability to present a defense at his revocation hearing, *Commonwealth v. Bryant,* 273 Pa.Super. 205, 417 A.2d 240 (1979); *Commonwealth v. Jones,* 250 Pa.Super. 116, 378 A.2d 481 (1977).

The primary purposes of a prompt revocation hearing are to prevent the loss of essential witnesses or documentary

irrelevant in our consideration of the issue before us, and in itself presents no valid reason to vacate the order revoking probation.

evidence and to prevent unnecessary incarceration or other limitations on personal liberty. *Commonwealth v. Johnson,* 277 Pa.Super. 88, 419 A.2d 674 (1980); *Commonwealth v. Jones,* 250 Pa.Super. 116, 378 A.2d 481 (1977). These purposes were not thwarted instantly.

Judgment of sentence affirmed.