Commonwealth *v.* Curry, Appellant.

Submitted December 8, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Thomas C. Carroll* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Mark Sendrow* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., April 15, 1971:

In February 1957, appellant Walter N. Curry entered pleas of guilty and not guilty to nineteen separate indictments before Honorable Curtis Bok. He was not represented by counsel at this time. Upon conclusion of his jury trial appellant was sentenced to a term of five to fifteen years on indictment No. 1000 (January Sessions 1957, Court of Common Pleas of Philadelphia), to which he had pleaded guilty. Sentences on the other eighteen indictments were suspended. In April 1969, appellant filed a petition under the Post Conviction Hearing Act, alleging that his guilty plea to indictment No. 1000 was void, having been entered without counsel and without waiver of counsel. His petition was dismissed after a hearing, and this appeal followed.

The testimony shows that the court initiated appellant's trial without counsel despite appellant's statement that his attorney "was supposed to be down to-

day."[1]  Appellant had entered pleas to the nineteen indictments including indictment No. 1000, and the jury was being impaneled, when his counsel, Cecil Moore, arrived.  Mr. Moore expressly permitted the impaneling to continue, and requested that appellant be allowed to change his plea to guilty on an indictment not at issue in this appeal.  Although trial counsel and appellant made reference to the plea at issue during the course of trial, no attempt was made to withdraw that plea.  It is not disputed, however, that the original pleas were entered without any prior advice of counsel and in the absence of counsel.[2]

In *Commonwealth ex rel. Goodfellow v. Rundle,* 415 Pa. 528, 204 A. 2d 446 (1964), our Supreme Court held that *Gideon v. Wainwright,* 372 U.S. 335 (1963), was applicable to the entry of guilty pleas, stating that the entry of such pleas without counsel was a denial of a constitutional right unless there was a clear indication of waiver.  The Court stated: "Thus, as applied to the merits of the case presently before us, Goodfellow was denied his constitutional right to counsel unless he un-

[1] The Court: "For the record, we are going to trial on the bills of indictment to which the defendant pleaded not guilty, he being unrepresented by counsel.  He has been in jail 36 days and has not had counsel but told the Voluntary Defender some effort was being made to get counsel for him.  The Defender cannot represent him because he represents others in the case and there would be a conflict, and it would be necessary to try this defendant before the others can be tried.

For those reasons we are going ahead, but I will see to it that his rights are properly protected."

[2] At the post-conviction hearing before Judge Barbieri, appellant also argued that he had never in fact either pleaded guilty or had a trial on indictment No. 1000.  Although the original indictment had been lost and although there was no express reference to No. 1000 in the trial transcript, Judge Barbieri nevertheless concluded that appellant did plead guilty on that indictment.  Appellant does not raise this issue on appeal.

derstandingly and intelligently waived that privilege. . . . Unless waived, if counsel is not afforded, due process is violated. . . . Waiver may not be found from a mere plea of guilty, . . . from the appearance of the accused without counsel, . . . or from failure to request counsel. . . . Nor may it be presumed from a silent record." [Citations omitted.]

In sum, the Court in *Goodfellow* made it clear that there must be an express waiver or indication of waiver on the record. Here, the record is silent on the plea in question, and there is no indication that the appellant had waived counsel when trial was initiated. Rather, there is every indication that appellant had arranged to have counsel present and was awaiting his arrival.

Neither the fact that counsel subsequently consulted with appellant and changed his plea to guilty on another indictment nor a subsequent reference to appellant's guilty plea establish a valid waiver of counsel. The plea was entered without *any* prior advice of counsel, in his absence, and without any reference or indication that appellant intended to waive this right. *Goodfellow,* supra, is controlling.

The judgment of sentence is vacated and the record remanded for a new trial.

WRIGHT, P. J., and WATKINS, J., would affirm on the opinion of Judge BARBIERI of the court below.

CERCONE, J., dissents.