Opinion by
Jacobs, J.,
In 1949 defendant was indicted for 31 armed robberies. At arraignment he pleaded guilty, without counsel, to 12 of the bills (bills Nos. 278, 279, 282, 284, 297, 300, 302, 303, 304, 305, 307, and 308 of March Sessions, 1949)[1] and he pleaded not guilty to the remainder. Before proceeding with trial on the remaining bills, the court directed defendant to consult with a public defender who happened to be in the courtroom. Following the consultation, the defender indicated that defendant desired to change his pleas on the remaining *306 bills to guilty. Eyewitnesses, detectives, and the defendant were then called for the purpose of detailing the particulars of each robbery, including the robberies to which defendant originally pleaded guilty. Throughout these proceedings defendant was represented by the public defender. At the conclusion of the evidence the court sentenced defendant to consecutive terms of 1 to 2 years each on 28 of the 31 bills.
Alleging denial of counsel and nonvoluntariness of his guilty pleas, defendant instituted post-conviction proceedings, but was denied relief by the court below following two hearings. He now appeals to us and we reverse the lower court with respect to the guilty pleas entered by defendant before consulting with counsel.
Preliminarily, we note that the pleas entered after consultation with counsel are valid. Defendant was represented by counsel, there was a prima facie showing of his guilt, he had earlier confessed to all the robberies with which he was charged as well as approximately 40 others with which he was not charged, he had a prior criminal record demonstrating that he had some familiarity with the criminal process, and his trial counsel testified that he was certain he would not have permitted defendant to plead guilty had he not been convinced of his guilt. The only testimony adduced to show that the pleas were not voluntary was the testimony of the defendant. But this testimony the hearing judge apparently discredited. We cannot say that in so doing the judge was in error, particularly in view of the discrepancies between the testimony given by the defendant at the first hearing and the facts disclosed in the subsequently-obtained transcript of defendant’s trial. In view of all these circumstances we conclude that defendant, in asserting that his 1949 pleas entered with counsel were nonvoluntary, has not sustained the burden of proof imposed by Commonwealth v. McBride, *307 440 Pa. 81, 269 A.2d 737 (1970), cert. denied, 402 U.S. 946 (1971). Accordingly, those pleas must be considered valid.
A different situation obtains, however, with respect to the pleas entered by defendant before consulting with counsel. The law is clear that the right-to-counsel rule of Gideon v. Wainwrighi, 372 U.S. 335 (1963), applies retroactively, Commonwealth ex rel. McCray v. Rundle, 415 Pa. 65, 202 A.2d 303 (1964), to guilty pleas regardless of whether defendant has been prejudiced, Commonwealth ex rel. O’Lock, v. Rundle, 415 Pa. 515, 204 A.2d 439 (1964). Unless waived, a lack of counsel on entry of a guilty plea is a denial of due process; waiver of counsel may not be found from a mere plea of guilty, from an absence of counsel, from a failure to request counsel, nor from a silent record. Commonwealth ex rel. Goodfellow v. Rundle, 415 Pa. 528, 204 A.2d 446 (1964). Where, as in the present case, no allegation of waiver has been made by the Commonwealth, and where the record does not sustain a finding of waiver, we must conclude that defendant was unconstitutionally denied the assistance of counsel. Commonwealth ex rel. Goodfellow v. Rundle, supra.
The Commonwealth in the instant case seeks to avoid this conclusion by asserting that defendant was not, in fact, denied counsel. In support of this assertion the Commonwealth points to the fact that counsel was appointed after the guilty pleas were entered but before sentencing, and that during the intervening time counsel presumably discussed with defendant the bills to which he had already pleaded guilty as well as the bills to which he had pleaded not guilty.[2] In this re *308 gard, however, we are bound by our recent decision in Commonwealth v. Curry, 220 Pa. Superior Ct. 28, 279 A.2d 769 (1971), which involved a similar situation. In Curry, the defendant pleaded guilty to some bills and not guilty to others, counsel being absent. While the jury was being impaneled, defendant’s counsel arrived, requested that defendant be permitted to change one of his pleas to guilty, and then proceeded with trial on the not-guilty pleas. During the trial, counsel and defendant referred to defendant’s prior guilty plea to bill No. 1000, but made no attempt to withdraw the plea. Following the imposition of sentence on that bill defendant instituted post-conviction proceedings alleging that his guilty plea was void, having been entered without counsel. We agreed, holding that counsel’s subsequent consultation with appellant, his request to change one of the not-guilty pleas to guilty, and his reference at trial to the contested guilty plea, failed to demonstrate either that defendant was afforded the assistance of counsel with respect to that plea, or that he had waived his right to counsel. For the same reasons as we presented in Curry, we hold that the defendant in the present case has likewise been unconstitutionally denied counsel with respect to the guilty pleas he entered prior to his consultation with counsel.
The judgments of sentence on bills Nos. 282, 284, 297, 300, 302, 303, 304, 305, and 307 are vacated and new trials granted.
Weight, P. J., would affirm on the opinion of Judge Doty.

 Defendant was never sentenced on bills Nos. 278, 279, and 308, and he does not appeal therefrom.

 Defendant’s eounsel testified at the hearing below that he had no independent recollection of defendant’s ease, but he appeared convinced that he had discussed with defendant during their consultation the bills to whieh defendant had already pleaded guilty.