371 A.2d 919

COMMONWEALTH of Pennsylvania

v.

Carl HONEYBLUE, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 6, 1976.

Decided March 31, 1977.

443

Calvin S. Drayer, Jr., Assistant Public Defender, Norristown, for appellant.

James A. Cunningham, Assistant District Attorney, Pottstown, and William T. Nicholas, District Attorney, Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

Appellant was found guilty of burglary in the Common Pleas Court of Montgomery County and placed on five years probation on September 6, 1972. On March 21, 1976, appellant was arrested in Philadelphia on charges of robbery, aggravated assault, and simple assault, and a detainer was lodged against him for possible probation violation. Following a preliminary hearing on these charges, appellant was held for indictment and trial in Common Pleas Court of Philadelphia. On June 11, 1976, a probation revocation hearing was held in the court below, and following a finding of probation violation, ap-

pellant was sentenced to five to fifteen years imprisonment.

On this appeal from the judgment of probation revocation and sentence, appellant contends that he was denied due process at his probation revocation hearing by failure to give him written notice of the claimed violations of parole. Since we agree with this allegation, we need not reach the other issues raised by appellant.[1]

The minimum requirements of due process in revoking parole were established in *Morrissey v. Brewer*, 408 U.S. 471, 488–89, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and these standards include written notice of the claimed violations of parole. The Commonwealth contends here that appellant was orally advised of the probation revocation hearing by his parole officer, which sufficiently apprised appellant of the hearing. We expressly rejected the sufficiency of oral notice in *Commonwealth v. Alexander*, 232 Pa.Super. 57, 331 A.2d 836 (1974), where we reversed the judgment of sentence despite oral notification by the defendant's parole officer. Most recently, in *Commonwealth v. Martin*, 241 Pa.Super. 222, 360 A.2d 733 (1976), we vacated the order revoking defendant's probation for failure to give written notice of the probation revocation, and held that subsequent notice after appeal to this court was of no effect.

For failure to comply with the minimum due process standard of written notice before parole revocation, the order of the court below revoking appellant's probation and imposing sentence is vacated and the case remanded for a new probation revocation hearing.

---

1. Appellant also alleges that he was denied due process by failure to give him a written report after probation was revoked, violation of the Rules of the Pennsylvania Probation and Parole Office, failure to hold a preliminary hearing on the subsequent criminal charges, and failure to hold the probation revocation hearing within a reasonable time.