396 A.2d 683

**COMMONWEALTH of Pennsylvania**

**v.**

**Carl HONEYBLUE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided Dec. 29, 1978.

138

George B. Ditter, Assistant Public Defender, Norristown, for appellant.

Eric J. Cox, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

JACOBS, President Judge:

The unfortunate circumstances of this appeal raise the familiar issue of notice of alleged violations of probation preceding revocation thereof. Once again we are compelled to vacate the order of the court below revoking probation and imposing sentence, and to remand for further proceedings.

Appellant was found guilty of burglary in the Common Pleas Court of Montgomery County and placed on five years probation on September 6, 1972. On March 21, 1976, appellant was arrested in Philadelphia on charges of robbery,

aggravated assault, and simple assault, and a detainer was lodged against him for possible probation violation. Following a preliminary hearing on these charges, appellant was held for indictment and trial in Common Pleas Court of Philadelphia. On June 11, 1976, a probation revocation hearing was held in the court below, and following a finding of probation violation, appellant was sentenced to five to fifteen years imprisonment. On appeal, we vacated the order revoking probation and imposing sentence, and remanded for a new probation revocation hearing due to the absence of written notice of the alleged violations. *Commonwealth v. Honeyblue*, 246 Pa.Super. 442, 371 A.2d 919 (1977). On remand, written notice was finally delivered to appellant on April 14, 1977, the day before the hearing, at 5:45 p. m.

Appellant now contends that this short notice deprived him of due process by hampering his ability to cross examine Commonwealth witnesses and to present an adequate defense. We are constrained to agree.

The reason for written notice in advance of the revocation proceeding is not difficult to discern: to apprise the individual of the alleged violations so that a defense can be prepared. In this light, it becomes clear that the right to advance written notice becomes meaningless if given solely to comply with technical requirements, with no consideration of the time involved.

We recently held in *Commonwealth v. Williams*, 254 Pa. Super. 202, 385 A.2d 979 (1978), that written notice of alleged probation violations delivered ten minutes before the revocation hearing was insufficient where the hearing had been continued to provide notice, and appellant objected to the absence of notice at the hearing. That result is persuasive in this case. Here, the court below stated on the record that following our prior remand order, Judge SMILLIE contacted the State Board of Parole and Probation, and was informed that immediate notice would be given. Unfortunately, immediate written notice was not forthcoming.

Appellant's probation officer testified at the hearing below that on numerous occasions she advised appellant orally of the alleged violations. From this fact, and the existence of a prior revocation proceeding, the Commonwealth argues that appellant had actual notice of the charges against him, and consequently suffered no prejudice. We have repeatedly held that actual notice is irrelevant. *See Commonwealth v. Williams; Commonwealth v. Honeyblue*, 246 Pa.Super. 442, 371 A.2d 919 (1977); *Commonwealth v. Alexander*, 232 Pa.Super. 57, 331 A.2d 836 (1974).

Furthermore, appellant was prejudiced by the absence of advance notice. Between the time of the first and second hearings, appellant was tried in Philadelphia on the underlying charges, and the trial ended in a hung jury. As counsel below was not trial counsel, only a brief period of time was available to review the trial testimony. Additionally, one of the officers who testified at the second hearing did not testify at the first hearing, so counsel had no familiarity with his testimony whatsoever.

Finally, we note with considerable regret that the error complained of here could have been easily rectified. At the start of the proceedings below, counsel requested a one-week postponement to prepare the case. The Commonwealth strenuously objected to any extension because "this matter has dragged on in an untimely fashion long enough and the Commonwealth is ready to proceed. . . ." N.T. p. 4. It is true that this case has "dragged on," to the detriment of appellant, the Commonwealth, our criminal justice system, and society at large. Nevertheless, appellant has not occasioned the untimely delay involved here. Furthermore, we have carefully fashioned constitutional safeguards for the protection of accused individuals, and those rights cannot be rendered meaningless for administrative convenience.

Accordingly, the order revoking probation and imposing sentence is vacated, and the case is remanded for further proceedings. On remand, appellant is to be afforded a new *Gagnon II* hearing, with advance written notice of the alleged probation violations.

Order vacated and case remanded for further proceedings consistent with this opinion.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.