419 A.2d 118

**COMMONWEALTH of Pennsylvania,**

v.

**Carl HONEYBLUE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed March 14, 1980.

Arthur J. King, Assistant Public Defender, Norristown, for appellant.

John J. Burfete, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

This is the third time this matter has been before us. The defendant appeals from the judgment of sentence imposed after a revocation of probation hearing. He asks that the judgment be vacated and that he be discharged. He presents two issues: (1) whether his probation revocation hearing was held with reasonable promptness as required by court decisions interpreting Pa.R.Crim.P. 1409 and (2) whether his probation revocation hearing satisfied due process requirements. We find both issues to be meritless and therefore affirm.

On September 6, 1972 the defendant pleaded guilty to burglary and was sentenced to five years' probation in Montgomery County. On March 21, 1976, he was arrested in Philadelphia on charges of robbery, aggravated assault, and simple assault. On March 24, 1976 a detainer was lodged against him for a possible probation violation. After a

preliminary hearing on the charges of robbery, aggravated assault, and simple assault the defendant was held for trial in Philadelphia.

On June 11, 1976, a probation revocation hearing was held and defendant was sentenced to five to fifteen years' imprisonment. The defendant appealed and on March 31, 1977, this court vacated the sentence and remanded for another probation revocation hearing since the defendant had not been given written notice of the claimed violations of probation prior to the hearing. *Commonwealth v. Honeyblue*, 246 Pa.Super. 442, 371 A.2d 919 (1977).

On April 15, 1977, a second probation revocation hearing was held. Again, the defendant was found to have violated probation and was sentenced to imprisonment. Again defendant appealed to this court. On December 29, 1978, 487 Pa. 409, 409 A.2d 834, we vacated the sentence and remanded the case since we held that written notice of the claimed violations of probation given to the defendant the night before the hearing did not satisfy procedural due process. *Commonwealth v. Honeyblue*, 262 Pa.Super. 137, 396 A.2d 683 (1978). Prior to this second probation revocation hearing, the defendant's trial on the Philadelphia charges ended in a hung jury. When the defendant was retried later in 1977, sometime after the second probation revocation hearing, he was convicted and given a prison sentence.

On January 12, 1979, after advance written notice to the defendant, a third probation revocation hearing was held. At the hearing the defendant was found in violation of probation and was sentenced to five to fifteen years' imprisonment to run concurrent with the Philadelphia sentence.

▇▇▇ Defendant's first argument is that the probation revocation hearing was not held with reasonable promptness after the Probation Department learned of the possible violation of probation as required by Pa.R.Crim.P. 1409.[1] In

1. The language of Pa.R.Crim.P. 1409 requires the hearing to be held "as speedily as possible." We have construed this to mean within a reasonable time. *See Commonwealth v. Rios*, 255 Pa.Super. 556, 558, 389 A.2d 117, 118 (1978); *Commonwealth v. Lipton*, 238 Pa.Su-

determining whether the time between the violation of probation and the probation revocation hearing is reasonable, the court considers three factors: (1) the length of the delay, (2) the reasons for the delay, and (3) the prejudice to the defendant resulting from the delay. *Commonwealth v. Young*, 262 Pa.Super. 253, 256, 396 A.2d 741, 743 (1978). When a defendant has appealed from the judgment of sentence resulting from a probation revocation and obtains a new hearing, the court focuses on the period after remand in assessing whether a hearing has been held with reasonable promptness. *Commonwealth v. Martin*, 262 Pa.Super. 113, 118, 396 A.2d 671, 673 (1978). The period after remand is the focus of attention because during the time the appeal is pending the sentencing court has no jurisdiction over the matter and should not be accountable for the resulting delay. *Id.*, 262 Pa.Super. at 118 n.4, 396 A.2d at 673 n.4. In the instant case the hearing was held two weeks after the case was remanded from the Superior Court. A two–week delay after remand is clearly reasonable.

■ Appellant, however, seeks to distinguish the instant case from *Martin* on two grounds of prejudice which are not present in *Martin*. First, unlike *Martin*, in the instant case the probationary period expired before the latest probation revocation hearing was held. This court has held that a certain amount of prejudice results whenever a probation revocation hearing is held after the probationary period has expired. *Commonwealth v. Young, supra*, 262 Pa.Super. at 257, 396 A.2d at 743; *Commonwealth v. Holmes*, 248 Pa.Super. 552, 560, 375 A.2d 379, 382 (1977). Appellant argues that this prejudice requires that the rule in *Martin* not control the instant case. However, we do not consider this aspect of prejudice to the defendant in isolation, but must also consider the reason for the delay and the length of the delay. *Commonwealth v. Young, supra*, 262 Pa.Super. at 257, 396 A.2d at 743. Here, where the reason for the delay is almost entirely due to the two appeals which were taken

per. 124, 135–36, 352 A.2d 521, 526 (1975) (dissenting opinion of Hoffman, J.).

to this court and the length of the delay is less than three months for the first probation revocation hearing after the date of arrest and two weeks for each remand, the prejudice resulting from holding the hearing after the probationary period has expired, is not sufficient to constitute a violation of the requirement that a hearing be held with reasonable promptness.

Second, in the instant case the first and second probation revocation hearings were held before the defendant was convicted of the offenses which resulted in the revocation of probation, and the third hearing was held after he had been convicted. Whereas, in *Martin*, both probation revocation hearings were held after the defendant had been convicted. Appellant argues that since he was convicted between the time of the second and third probation revocation hearings and such conviction conclusively established his violation of probation, he had no opportunity to present defenses, cross–examine, and confront witnesses at the third hearing. He contends that this opportunity would have been available to him had the first two hearings been procedurally valid and that this lost opportunity constitutes prejudice which requires that the rule in *Martin* not control the instant case.

Appellant is not arguing that his defense, cross–examination, and confrontation of witnesses at trial were actually impaired by the mere lapse of time between the first probation revocation hearing and the trial. Rather, he is arguing that his conviction had the effect of precluding him from presenting defenses, cross–examining, and confronting witnesses at his last probation revocation hearing and that this effect is prejudicial. In essence, appellant contends that a probation revocation hearing is not reasonably prompt and that he suffers prejudice if it occurs after the conviction of the offense which results in the probation revocation.

Our cases have firmly established that when probation revocation is based upon a crime which occurs during the probationary period, the focus is on the time after conviction in determining whether a hearing has been held with reasonable promptness. *E. g., Commonwealth v. Jones,*

250 Pa.Super. 116, 118, 378 A.2d 481, 482 (1977); *Commonwealth v. Duff*, 201 Pa.Super. 387, 395, 192 A.2d 258, 262, *rev'd. on other grounds*, 414 Pa. 471, 200 A.2d 773 (1964). Our focus on the time after conviction to determine reasonable promptness implies that the loss of another opportunity to present defenses, cross–examine, and confront witnesses solely as a result of a conviction is not sufficient to make a hearing after conviction not reasonably prompt. Therefore, appellant's argument that *Martin, supra*, should not apply to the instant case is meritless. Applying *Martin, supra*, to the instant case we hold that conducting a probation revocation hearing within two weeks of the remand from this court satisfies the requirement of a reasonably prompt hearing.

Appellant's second argument is that he has been denied due process. He asserts that he would have had the opportunity to present defenses, cross–examine and confront witnesses at his probation revocation hearing had the first two hearings been procedurally valid. This opportunity was lost appellant argues because his conviction, which occurred before the latest probation revocation hearing, conclusively established his probation violation. He argues that this lost opportunity violates due process. The appellant cites no authority to support this argument and none has been discovered by the court.

The due process rights of a defendant in a parole revocation hearing have been delineated by the U.S. Supreme Court. *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972). The due process rights of a defendant in a probation revocation hearing are the same as those in a parole revocation hearing. *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759–1760, 36 L.Ed.2d 656 (1973). These due process rights of a defendant in a probation revocation hearing are less than those afforded a defendant in a criminal trial. *Id.* at 786, 93 S.Ct. at 1761–1762. Moreover, once the defendant has been convicted, he has no due process right in a probation revocation hearing to relitigate the facts underlying that conviction. *See Morrissey, supra*, 408 U.S. at 490, 92 S.Ct. at 2604–2605 (parole revocation).

114

██ In the instant case, the appellant argues that his due process rights were violated since he "lost" the opportunity to present defenses, to cross–examine, and to confront witnesses at his probation revocation hearing. This argument fails to consider that appellant was given the opportunity to present defenses, to cross–examine, and to confront witnesses at his trial and that his rights to do so at trial are much greater than in a probation revocation hearing. *Morrissey, supra,* at 486, 92 S.Ct. at 2602–2603.

Since the appellant may not re–litigate the facts underlying his conviction, *Morrissey, supra,* his due process argument is meritless.

Judgment of sentence affirmed.